## Houston *v.* The State.

Where it appeared that E. Kamberling was a witness before the grand jury, although the name indorsed on the indictment was " E. Kimberling," he was properly admitted as a witness on the trial.

On an indictment for marking and defacing a school house, the court instructed the jury that, " The state had proved all that was necessary in reference to the school district ; " held, that this was charging the jury on the facts, and therefore erroneous.

### *Error to Cedar District Court.*

*Opinion by* Greene, J. Indictment for defacing and marking a school house. Verdict and judgment against defendant.

1. It was objected that one E. Kamberling was permitted to testify on the trial, when the name indorsed on the indictment is E. Kimberling. The witness having sworn that he was the identical person sworn before the grand ury, the court admitted his testimony. In this we think

the court acted discretely. There is but a trifling distinction in the names—a difference of but one letter; and especially when such difference so nearly leaves the name *idem sonan*, it would not justify the exclusion of the witness. If doubt was entertained, the resemblance at least justified the court in receiving proof of identity.

2. The court instructed the jury that the state had proved all that was necessary with reference to the school district. It is justly objected that this is an instruction upon the facts in the case. This is error. This was charging the jury upon the weight and sufficiency of testimony. It is not within the province of a judge to instruct a jury as to what facts are proved or not proved. He may explain to them the legal effect of facts, but the facts themselves are to be ascertained exclusively by the jury. Better abolish the right of trial by jury at once, than to permit judges to dictate the facts upon which the verdict must be found. The practice of charging the jury upon the facts may have precedent in some of the older states; but in Iowa it has ever been regarded as dangerous—as a usurpation of power, and as an interference with the rights of parties, and the province of jurors; *Wood* v. *Mains*, 1 G. Greene, 275; *Frederick* v. *Gaston*, ib., 401. The Code, § 1791, provides that "the charge of the court shall be confined strictly to matters of law." The court below must have overlooked this provision of the Code, in charging the jury in the present case.

Judgment reversed.

*Jas. Grant*, for appellant.

*D. C. Cloud*, for the state.